IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

Iryna R.,[1]                                          No. 3:18-cv-01393-HZ

       Plaintiff,                            OPINION & ORDER

      v.

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

       Defendant.

George J. Wall
Caitlin S. Laumaker
Law Offices of George J. Wall
825 N.E. 20th Avenue, Suite 330
Portland, OR 97232

       Attorney for Plaintiff

Billy Williams
United States Attorney
Renata Gowie
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

Ryan Ta Lu
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104

       Attorneys for Defendant

---

[1] In the interest of privacy, this Opinion and Order uses only Plaintiff's first name and the initial of her last name.

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Iryna R. brings this action for judicial review of the Commissioner's final decision denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. The Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). The issues before the Court are whether the Administrative Law Judge ("ALJ") erred by: (1) finding at step two that Plaintiff's buttock abscess and resulting anal fistula were not severe impairments; (2) finding Plaintiff was noncompliant with prescribed medical treatment without following the procedures set out in SSR 82-59; and (3) discrediting the opinion of Michael Waddick, M.D., Plaintiff's treating physician. The Court affirms the Commissioner's final decision.

## BACKGROUND

Plaintiff applied for DIB on June 16, 2015, alleging a disability onset date of December 1, 2012. Tr. 314.[2] Plaintiff's date last insured was December 31, 2013. Tr. 22, 342. Plaintiff's application was denied initially and upon reconsideration. Plaintiff's administrative hearing was held on April 24, 2017, before ALJ Vadim Mozyrsky. Tr. 208. In a written decision issued September 19, 2017, ALJ Mozyrsky found Plaintiff not disabled. Tr. 20–29. On June 18, 2018, the Appeals Council denied review, rendering ALJ Mozyrsky's decision final. Tr. 1–3.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. *Valentine v.*

---

[2] "Tr." refers to the administrative record transcript, filed here as ECF 9.

*Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. *Id.*

At the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

At step three, the Commissioner determines whether claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant, despite any impairment(s), has the RFC to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets its burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity between her December 1, 2012, alleged onset date and the December 31, 2013, date last insured. Tr. 22.

At step two, the ALJ determined Plaintiff had the following severe impairments: obesity, diabetes, glaucoma, leg edema, and varicose veins. Tr. 22–23.

At step three, the ALJ found Plaintiff's impairments or combination of impairments did not meet or equal the severity of one of the listed impairments. Tr. 23.

Before step four, the ALJ determined Plaintiff had the RFC to perform work consistent with the following limitations:

> Through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except during an eight-hour day the claimant could sit up to six hours, and stand and walk up to six hours. She was restricted from working around unprotected heights, operating a motor vehicle, or being exposed to workplace hazards.

Tr. 23–28.

At step four, the ALJ determined Plaintiff was able to perform her past relevant work as a stock clerk and assembler. Tr. 28. Accordingly, the ALJ concluded Plaintiff is not disabled. Tr. 29.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). Courts consider the record as a whole, including both the evidence that

supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

DISCUSSION

Plaintiff contends the ALJ's decision was not supported by substantial evidence and contains legal errors. In particular, Plaintiff argues the ALJ made the following three errors. First, the ALJ improperly excluded Plaintiff's buttock abscess and resulting anal fistula from the list of severe impairments at step two. Second, the ALJ improperly found Plaintiff to be noncompliant with prescribed treatment without following the procedures set out in SSR 82-59. Third, the ALJ improperly discredited the opinion of Dr. Waddick, Plaintiff's primary-care provider.

**I.    Step Two**

As noted, Plaintiff contends the ALJ erred when he declined to find Plaintiff's buttock abscess and anal fistula to be "severe impairments" at step two of the sequential analysis. Step two of the five-step disability inquiry is a *de minimis* screening used to eliminate groundless claims. *Yuckert*, 482 U.S. at 153–154 (1987); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *see also Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (holding that ALJ should have continued the sequential disability analysis beyond step two because there was not substantial evidence showing that the plaintiff's claim was groundless). An impairment or combination of impairments can be found to be "not severe" only if evidence establishes a slight

abnormality that has "no more than a minimal effect on an individual's ability to work." SSR 85–28, 1985 WL 56856, at *2. If the ALJ determines that an impairment is a severe medically determinable one, the analysis proceeds to step three. *Keyser v. Commissioner Social Sec. Admin.*, 648 F.3d 721, 725 (9th Cir. 2011). If the ALJ erroneously finds a condition is not severe at step two, however, that error is harmless if the ALJ nonetheless proceeds in the disability analysis and considers the symptoms and limitations arising from the erroneously omitted condition in the formulation of the claimant's RFC. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

The ALJ declined to include Plaintiff's buttock abscess and anal fistula among the conditions found "severe" at step two because "the record contains no objective evidence that this issue resulted in severe vocational limitations during [the] period between the claimant's alleged onset date and her date last insured." Tr. 26. The Court concludes the ALJ's findings regarding Plaintiff's abscess and anal fistula are supported by substantial evidence.

With respect to the period relevant to the disability determination, Plaintiff first complained of symptoms stemming from an abscess on her buttock on May 17, 2013. Tr. 689. At that time Dr. Waddick noted Plaintiff had a similar problem a year earlier that required surgery. Tr. 689. Dr. Waddick treated Plaintiff's abscess, directed Plaintiff to follow up with him three days later, and recommended that Plaintiff also follow up with the surgeon. Tr. 689. Plaintiff returned to Dr. Waddick's office on May 21, 2013, to have the wound repacked. Tr. 691. At that time Plaintiff reported it had been "draining a lot" the day before. Tr. 691. Dr. Waddick treated the wound, directed Plaintiff to follow up with him in two days, and again recommended Plaintiff see the surgeon regarding the abscess. Tr. 691. Plaintiff returned to Dr. Waddick's office on May 22, 2013, and reported she was "doing well" and that there was "not a lot of

drainage coming from [the] area." Tr. 692. Nonetheless, Stephanie S. Warya, PA, observed the abscess had "formed a fistula," and again recommended to Plaintiff that she follow up with her surgeon because she found the fistula would "likely need surgical intervention." Tr. 694. Plaintiff returned to Dr. Waddick's office again on May 28, 2013. Tr. 695. Plaintiff reported she was feeling "much better" and that the abscess was no longer causing her pain. Tr. 695. PA Warye indicated the abscess was "resolving," but that there was still some drainage from the fistula. Tr. 697. PA Warye again recommended Plaintiff follow up with the surgeon, but Plaintiff became "very upset." Tr. 697. Aside from this two-week period, there are not any additional medical records regarding Plaintiff's buttock abscess or anal fistula during the period relevant to disability and there is not any indication in the record that Plaintiff followed up with her surgeon as Dr. Waddick and PA Warya repeatedly recommended.

The ALJ's finding that there was insufficient evidence to conclude Plaintiff's buttock abscess and/or anal fistula caused severe vocational limitations, therefore, is supported by the record. There is little indication in the medical records relating to these conditions that Plaintiff's functionality was materially limited while she was suffering from the buttock abscess and anal fistula, and the record reflects that at least during the period relevant to disability this problem was not longstanding.

Accordingly, on this record the Court concludes the ALJ did not err when he did not include Plaintiff's buttock abscess or anal fistula as severe impairments at step two.

## II. Noncompliance with Prescribed Treatment

Plaintiff next asserts the ALJ erred when he found Plaintiff was not compliant with prescribed medical treatment because the ALJ failed to follow the procedures set out in SSR 82-

59.³ The ALJ considered Plaintiff's noncompliance with prescribed medical treatment as part of his assessment of Plaintiff's credibility. Tr. 26 (Plaintiff's "repeated refusals of offered treatment and episodes of noncompliance with prescribed treatment lead one to believe her allegedly disabling symptoms are not as severe as she alleges them to be.").

SSR 82-59 applies when an ALJ finds a claimant disabled, but nonetheless denies the claimant benefits because the claimant was noncompliant with prescribed treatment. *Molina v. Astrue*, 674 F.3d 1104, 1114 n.6 (9th Cir. 2012). The ALJ need not fulfill the requirements of SSR 82-59 when the ALJ relies on the claimant's noncompliance with prescribed treatment as a basis to discredit the claimant's testimony. *Id. See also Hartmann v. Colvin*, 652 F. App'x 586, 587 (9th Cir. 2016). Accordingly, the ALJ did not err when he did not complete the procedures set out in SSR 82-59.

The Court also concludes the ALJ reasonably found Plaintiff was not compliant with prescribed medical treatment in multiple instances. As noted, Plaintiff did not follow up with her surgeon regarding her buttock abscess despite being told to do so multiple times by Dr. Waddick and PA Warya. The medical records relating to Plaintiff's buttock abscess constitute most of the medical records during the 13-month period relevant to Plaintiff's disability. Plaintiff's refusal to follow this recommendation from her treatment providers, therefore, is a compelling reason to

---

³ In her Opening Brief Plaintiff only relies on this asserted procedural error and does not more broadly challenge the ALJ's assessment of her credibility. Although Plaintiff discusses the ALJ's credibility evaluation in her Reply, Plaintiff waived this issue when she failed to raise it in her Opening Brief. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009). In any event, even if Plaintiff properly raised this issue, the Court would nonetheless conclude the ALJ provided clear and convincing reasons supported by substantial evidence to discredit Plaintiff's testimony on the basis that Plaintiff was noncompliant with prescribed medical treatment, Plaintiff stopped working for nondisability reasons, and the sparse medical record during the period relevant to Plaintiff's disability application "does not objectively describe ongoing chronic symptoms or limitations so severe as to be disabling." Tr. 26.

discredit her testimony of significant vocational limitations during the relevant period stemming from her abscess.

Similarly, as the ALJ noted, on November 1, 2012, Plaintiff also declined to follow Dr. Waddick's recommendation that Plaintiff take insulin before meals to control her diabetes and showed "little motivation to exercise" despite Dr. Waddick's efforts to "motivate [Plaintiff] to [do] daily activity." Tr. 453. In any event, the only other reference to Plaintiff's diabetes during the period relevant to her disability application indicated that Plaintiff was "doing well" at that time. Tr. 454. Finally, although Dr. Waddick noted problems with Plaintiff's lipids during the period relevant to her disability application, he also noted that Plaintiff "admits that she only takes her lovastatin about once or twice per week," encouraged her to take the medicine every day and, if she did so, Dr. Waddick anticipated her lipids would be in "good control." Tr. 454.

On this record, therefore, the Court finds the ALJ properly found Plaintiff was not compliant with her prescribed medical treatment and the ALJ reasonably inferred that such noncompliance reflected Plaintiff was not as limited as she alleged during the period relevant to her disability application.

### III. Dr. Waddick's Opinion

As noted, Plaintiff next contends the ALJ erred when he discredited Dr. Waddick's opinion. Social security law recognizes three types of physicians: (1) treating; (2) examining; and (3) nonexamining. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Generally, more weight is given to the opinion of a treating physician than to the opinion of those who do not actually treat the claimant. *Id.*; 20 C.F.R. §§ 404.1527(c)(1)–(2), 416.927(c)(1)–(2). Moreover, more weight is given to an examining physician than to a nonexamining physician. *Garrison*, 759 F.3d at 1012.

If a treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). If a treating physician's opinion is not contradicted by another doctor, the ALJ may reject it only for "clear and convincing" reasons supported by substantial evidence in the record. *Ghanim*, 763 F.3d at 1160–61.

Even if a treating physician's opinion is contradicted by another doctor, the ALJ may not reject the treating physician's opinion without providing "specific and legitimate reasons" which are supported by substantial evidence in the record. *Id.* at 1161; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). And, when a treating physician's opinion is not given "controlling weight" because it is not "well-supported" or because it is inconsistent with other substantial evidence in the record, the ALJ must still articulate the relevant weight to be given to the opinion under the factors provided for in 20 C.F.R. § 416.927(c)(2)–(6). *Ghanim*, 763 F.3d at 1161; *Orn*, 495 F.3d at 632–33.

Dr. Waddick was Plaintiff's primary-care provider and, as such, is considered a treating physician. Dr. Waddick concurred with statements prepared by Plaintiff's counsel that indicated (1) that "since 2010" Plaintiff's conditions would "limit her standing, sitting and walking to no more than two hours out of an eight hour day"; (2) that Plaintiff should "elevate her legs above her heart as much as possible and not be on her feet over two hours at a time"; and (3) that the symptoms of Plaintiff's buttock abscess and anal fistula "include painful buttocks [and] intermittent and unpredictable draining," and that it would be "reasonable to assume that [Plaintiff] would need frequent breaks with ready access to a bathroom to tend to pain and hygienic needs." Tr. 814.

The ALJ gave "limited weight" to Dr. Waddick's opinion because "the limited notes generated during the relevant period do not support the degree of limitation proposed in the statement," Dr. Waddick did not acknowledge or address Plaintiff's noncompliance with medical treatment, and the statement is broad and does not specifically address the period relevant to Plaintiff's disability application. Tr. 28. Dr. Waddick's opinion was contradicted by the opinion of nonexamining physician Roy C. Brown, M.D. Tr. 245–46. Accordingly, the ALJ was required to provide specific and legitimate reasons to discredit Dr. Waddick's opinion. *Ghanim*, 763 F.3d at 1161.

The Court concludes the reasons provided by the ALJ amount to specific and legitimate reasons to discredit Dr. Waddick's opinion. As noted, the ALJ correctly found that the sparse medical records during the period relevant to Plaintiff's disability claim do not reflect treatment for consistent, disabling limitations. Accordingly, the ALJ reasonably found Dr. Waddick's opinion to be unsupported by the records. This problem is exacerbated by the temporal generality of Dr. Waddick's opinion. Although the opinion indicates Plaintiff has been limited since 2010, Dr. Waddick does not indicate whether all such limitations existed throughout the entire period or whether some or all were specific to a portion of that period. To the extent that Dr. Waddick intended to opine those limitations were present specifically during the period relevant to Plaintiff's disability application, the ALJ reasonably found such an opinion was undercut by the lack of medical evidence from that period. Finally, the ALJ fairly pointed out that Dr. Waddick did not acknowledge Plaintiff's noncompliance with medical treatment even though it is clear Plaintiff's noncompliance was an issue during the relevant period.

Accordingly, the Court concludes the ALJ did not err when he discredited Dr. Waddick's opinion because he provided legally sufficient reasons for doing so.

CONCLUSION

For these reasons, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

DATED this __3__ day of July, 2019.

_____
MARCO A. HERNANDEZ
United States District Judge